IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RECARDO HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-097 |
| | ) | |
| WARDEN HALL; DEPUTY WARDEN GAMMAGE; MS. LEWIS, Deputy Warden; BARBARA GRANT, Unit Manager; LT. DAVIS; LT. BEASLEY; and MR. TOOLE, Regional Director, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. (Doc. no. 3.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 3) and this action be **DISMISSED** without prejudice.

**I. BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g).

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes: (1) Holmes v. Stovall, 1:09-cv-3267 (N.D. Ga. Jan. 24, 2012) (dismissed as sanction for lying about filing history); (2) Holmes v. Crayola, LLC, 1:09-cv-3562 (N.D. Ga. Dec. 31, 2009) (dismissed as frivolous); and (3) Holmes v. Owens, 1:08-cv-147 (M.D. Ga. Oct. 17, 2008) (dismissed as frivolous). See also Holmes v. McLaughlin, CV 315-028, doc. nos. 13, 15 (S.D. Ga. May 22, 2015) (dismissing Plaintiff's complaint for being a three-striker). The first case was dismissed for providing dishonest filing information, which qualifies as a strike under § 1915(g). See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); Pinson v. Grimes, 391 F. App'x 797, 798-99 (11th Cir. 2010) (failing to disclose previously filed cases

2

properly results in strike). The final two cases qualify as strikes under § 1915(g) because they were dismissed for failing to state a claim. Because Plaintiff has at least three strikes, he cannot proceed IFP in the present case unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception.

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff complains Defendants, after his transfer to TSP on August 25, 2016, wrongfully labeled him a gang member and placed him in the Tier II disciplinary program, leading him to be placed in life-threatening segregation with gang members. (See doc. no. 1, pp. 1-2; doc. no 4, p. 5.) Notably, however, Plaintiff did not file these complaints until December 2016 and January 2017, over three months after his transfer and placement in segregation. (Doc. no. 1, pp. 1, 4; doc. no. 4, p. 6.) Plaintiff's delay in bringing his suit indicates he is not under threat of any imminent danger, and his vague allegations that Defendants' actions have "placed [his] life in jeopardy and danger" and he "fear[s] for [his] life and safety" do not plausibly establish otherwise. (See doc. no. 1, p. 2; doc. no. 4, p. 5.) Therefore, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. Dismissal Is Also Warranted Because of Plaintiff's Dishonesty

The form complaint that Plaintiff used to commence this case, "Form to Be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that

3

prisoner plaintiffs disclose: (1) whether they have brought other lawsuits dealing with the same facts, (2) whether they have brought any other federal lawsuits while incarcerated (3) whether any suit brought IFP was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 4, pp. 1-3.) Plaintiff only disclosed one prior case. (Id.) (disclosing case against Robert Ingles and Sumter County Sherriff's Department).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Secretary Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D.

Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). Thus, in not disclosing all of the previous cases as required by the form complaint and instead only disclosing one prior case, Plaintiff acted with dishonesty, which provides another basis for dismissal of this case.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 3) and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 23rd day of January, 2017, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA